{¶ 22} I disagree. The post-arrest question by Officer Smiley of Waggoner was open-ended and clearly investigative, not administrative, nor book-in related. Smiley's follow-up question was reasonably calculated to elicit an incriminating response, did, in fact, do so, and the officer "should have known" that his question was reasonably likely to elicit an incriminating response.
 {¶ 23} Although the trial court omitted the "should have known" language from its analysis in its oral ruling, the record made by the trial judge clearly establishes any error in this regard was harmless. As a reviewing court, we must independently determine, as a matter of law, whether the facts met the appropriate standard. The facts herein do meet the appropriate standard.
 {¶ 24} As noted by the trial court, Officer Smiley's question was open-ended and asked in the context of a drug investigation. It falls outside any book-in exception recognized inPennsylvania v. Muniz. It's rather naive to suggest that a suspect being handcuffed on warrants during a drug investigation would perceive such a question as one directed to a concern the officer has about other valuables in the car, such as a camera, binoculars or checkbook.
 {¶ 25} I would find the disputed question to be a deliberate attempt by the officer to elicit an incriminating statement from Waggoner. This conclusion is supported by Officer Smiley's own testimony on re-direct by the State of Ohio:
 {¶ 26} "Q. And then did he volunteer the information or did you ask him about a gun being in the car?
 {¶ 27} "A. I think I asked him if there was a gun in the car. (Transcript of Motion to Suppress, pg. 19, lines 6-9)."
 {¶ 28} Clearly, whether a general question regarding "property" as testified to by the officer on direct or a specific question regarding "a gun" as acknowledged on re-direct, the interrogation was in violation of Waggoner's Miranda rights. I would affirm the trial court's ruling granting suppression of Waggoner's statement.